# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

DERRICK NEVAK,

        Plaintiff,

v.

CHRIS TARSITANO,
General Manager, and NANA
MANAGEMENT SERVICES,

        Defendants.

Case No. 3:24-cv-00058-SLG

## ORDER OF DEFICIENCY

On March 14, 2024, self-represented litigant Derrick Nevak ("Plaintiff") filed a complaint, a civil cover sheet, a motion to appoint counsel, and a financial affidavit.[1] Plaintiff alleges Chris Tarsitano, General Manager, and NANA Management Services ("Defendants") engaged in discrimination in employment, retaliation for "raising up protected class issues," and "sustained defamation." For relief, Plaintiff seeks damages in the amount of $300,000.00 and an unnamed amount of punitive damages.[2]

The Court screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A, under the assumption Plaintiff intended to proceed without paying the filing fee. However, upon review, Plaintiff did not file an application to waive the filing fee, only a financial affidavit in support of his motion for court-appointed counsel.[3] Further, the

---

[1] Dockets 1-4.

[2] Docket 1 at 4–5.

[3] Dockets 3–4.

information Plaintiff provided to the Court reflects that he is financially able to pay the entire filing fee to commence this action.[4] Specifically, Plaintiff indicates he earns $6,150.00 per month with his current employer. He did not indicate whether he received the Alaska Permanent Fund Dividend or other dividends within the last twelve months. Plaintiff has no dependents. Plaintiff lists monthly expenses of approximately $1,830.60, an amount considerably below his monthly income. Therefore, based on the current record, it appears Plaintiff can afford the Court's civil case filing fee of $405.00.[5]

Therefore, this action is **DEFICIENT.** The Court grants Plaintiff leave of thirty **(30) days** from the date of this order to pay the filing fee in order to proceed with this action.[6] Nevertheless, because the Court has already reviewed the Complaint, Plaintiff is provided with the following information should he choose to pursue his claims.

## SCREENING STANDARD

Federal law requires a federal court to conduct an initial screening of a civil complaint filed by a self-represented litigant seeking to proceed in a lawsuit in federal court without paying the filing fee.[7] In its screening, a district court shall dismiss the case at any time if the court determines that the action:

(i)  is frivolous or malicious;

---

[4] *See* Docket 4.

[5] For civil cases filed after December 1, 2023, the civil litigant bringing suit must pay the $350 statutory fee in addition to a $55 administrative fee or obtain a waiver based on a finding of indigency. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)).

[6] If Plaintiff cannot pay this amount in one lump sum, or if Plaintiff has additional financial information to provide the Court that he believes demonstrates he is indigent, he may instead file a completed application to waive payment of the filing fee or pay it in installments.

[7] *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000).

Case No. 3:24-cv-00058-SLG, *Nevak v. Tarsitano, et al.*
Order of Deficiency
Page 2 of 10
Case 3:24-cv-00058-SLG   Document 6   Filed 05/07/24   Page 2 of 10

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.[8]

In conducting its screening review, a court must liberally construe a self-represented plaintiff's complaint and give the plaintiff the benefit of the doubt.[9] Although the scope of review generally is limited to the contents of the complaint, a district court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[10]

Before a district court may dismiss any portion of a complaint, it must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[11] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[12]

Although non-prisoner complaints are not subject to 28 U.S.C. § 1915(e) or 1915A screening requirements when the filing fee is paid, the Court retains the inherent authority

---

[8] 28 U.S.C. § 1915(e)(2)(B).

[9] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[10] *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

[11] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[12] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

Case No. 3:24-cv-00058-SLG, *Nevak v. Tarsitano, et al.*
Order of Deficiency
Page 3 of 10
Case 3:24-cv-00058-SLG   Document 6   Filed 05/07/24   Page 3 of 10

to dismiss a claim for failure to comply with Federal Rule of Civil Procedure 8 ("Rule 8")[13] or for lack of jurisdiction.[14]

## DISCUSSION

### I. Requirements to State a Claim

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[15] Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[16] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[17] A complaint is insufficiently pled if it offers "naked assertions devoid of further factual enhancement."[18] A complaint should set out each claim for relief separately and include specifics about each named

---

[13] Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss a complaint with prejudice for failure to comply with Rule 8(a).

[14] *See United States v. Hays*, 515 U.S. 737, 742 (1995) ("Federal courts are under an independent obligation to examine their own jurisdiction[.]").

[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001)).

[16] Fed. R. Civ. P. 8(a)(2).

[17] *Ashcroft*, 556 U.S. at 678 (citing *Bell Atlantic Corp.*, 550 U.S. at 555).

[18] *Id.* (internal quotation marks and citation omitted).

Case No. 3:24-cv-00058-SLG, *Nevak v. Tarsitano, et al.*
Order of Deficiency
Page 4 of 10
Case 3:24-cv-00058-SLG   Document 6   Filed 05/07/24   Page 4 of 10

defendant is involved.[19] There can be no liability under unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.[20]

Liberally construed, Plaintiff alleges discrimination based on his status as an Alaska Native and retaliation for filing a complaint against Chris Tarsitano, General Manager, NANA Management Services. Specifically, Plaintiff asserts that, in August 2023, he interviewed for an executive sous position at NANA Management Services by telephone, as he lived in Washington state at the time. He alleges that he then relocated to Alaska to "take this job." On August 18, he asserts that he was interviewed by Chris Tarsitano. Plaintiff alleges that Mr. Tarsitano "revoked" his "management job," but that he worked a lower ranked job for 90 days. After the 90-days, Plaintiff alleges Mr. Tarsitano also "revoked" this job. He alleges that Mr. Tarsitano indicated that Plaintiff was "not trustworthy" on multiple occasions. He alleges being denied keys to access work areas. He received a written warning regarding discrepancies with his work timecard. Plaintiff alleges that he emailed Mr. Tarsitano "regarding a protected class" and was terminated for raising the issue on December 20, 2023. [21] Plaintiff attached copies

---

[19] *Rizzo v. Goode,* 423 U.S. 362, 371 (1976).

[20] *Rizzo,* 423 U.S. at 371; *May v. Enomoto,* 633 F.2d 164, 167 (9th Cir. 1980).

[21] Docket 1 at 4–5.

Case No. 3:24-cv-00058-SLG, *Nevak v. Tarsitano, et al.*
Order of Deficiency
Page 5 of 10
Case 3:24-cv-00058-SLG   Document 6   Filed 05/07/24   Page 5 of 10

of emails, a disciplinary notice from NANA Management Services, and Termination of Employment letter from NAN- Management Services.[22]

## II. Exhaustion of Remedies

Based on the facts alleged by Plaintiff in his complaint, the Court liberally construes Plaintiff's complaint to allege a claim against his former employer under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000, *et seq.* ("Title VII"). As a general rule, for an employee to bring a Title VII action in federal district court, the employee must, among other things, (1) file a complaint with the Equal Employment Opportunity Commission ("EEOC") within 180 or 300 days of the last alleged unlawful employment practice,[23] and (2) timely file a complaint with the federal district court within 90 days from the issuance of a right-to-sue letter by the EEOC.[24]

Here, Plaintiff has not submitted a right-to-sue letter from the EEOC or other proof that he has exhausted his administrative remedies under Title VII. Plaintiff must provide

---

[22] Docket 1-1 at 1–9.

[23] *National R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 109 (2002) ("An individual must file a charge within the statutory time period and serve notice upon the person against whom the charge is made. In a State that has an entity with the authority to grant or seek relief with respect to the alleged unlawful practice, an employee who initially files a grievance with that agency must file the charge with the EEOC within 300 days of the employment practice; in all other States, the charge must be filed within 180 days."); 42 U.S.C. § 2000e-5(e)(1).

[24] 42 U.S.C. § 2000e-5(f)(1).

Case No. 3:24-cv-00058-SLG, *Nevak v. Tarsitano, et al.*
Order of Deficiency
Page 6 of 10
Case 3:24-cv-00058-SLG   Document 6   Filed 05/07/24   Page 6 of 10

such proof. If Plaintiff has not exhausted his remedies with the EEOC or an otherwise appropriate entity, he must do so before initiating civil action in this Court.

### III. Motion to Appoint Counsel

A litigant has no right to an appointed attorney in a federal civil action.[25] Pursuant to 28 U.S.C. § 1915(e)(1), a district court "may request an attorney to represent any person unable to afford counsel." However, a district court's decision to request counsel for a self-represented litigant in a civil action is discretionary and granted only in exceptional circumstances.[26] "When determining whether exceptional circumstances exist, a court must consider the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved."[27] Further, although Section 1915(e)(1) permits a court to request an attorney represent any person unable to afford counsel, the Court cannot force an attorney to accept a case. The Court can only appoint an attorney who volunteers to represent a litigant.

Based on the current record, Plaintiff has not demonstrated a likelihood of success on the merits, particularly as he has not shown that he has exhausted his administrative remedies. Moreover, it appears Plaintiff may be able to adequately articulate his claims, even if those claims are not viable causes of action under Title VII. Further, the Court

---

[25] *See Turner v. Rogers*, 564 U.S. 431, 441, 131 S.Ct. 2507, 2516 (2011) ("[T]he Sixth Amendment does not govern civil cases."); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) ("Generally, a person has no right to counsel in civil actions.").

[26] *Palmer,* 560 F.3d at 970 ("[A] court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1).") (citations omitted).

[27] *Id.* (internal quotation marks and citation omitted).

Case No. 3:24-cv-00058-SLG, *Nevak v. Tarsitano, et al.*
Order of Deficiency
Page 7 of 10
Case 3:24-cv-00058-SLG   Document 6   Filed 05/07/24   Page 7 of 10

currently has no list of volunteer attorneys from which it may request counsel to represent Plaintiff. If a volunteer attorney comes forward to accept this case, the Court may appoint counsel at that time.

The U.S. Equal Employment Opportunity Commission ("EEOC") at https://www.eeoc.gov/, and the following organizations provide directories of attorneys who represent workers:

American Bar Association - https://www.americanbar.org/groups/legal_services/
A Lawyer Referral Directory of Services of the American Bar Association organized by state and by legal issue.

National Employment Lawyers Association: http://exchange.nela.org/network/findalawyer
NELA is a national professional organization of attorneys who represent employees in employment law cases.

Workplace Fairness: http://www.workplacefairness.org/find-attorney
The Workplace Fairness Attorney Directory features lawyers from across the United States who primarily represent workers in employment cases.

**IT IS THEREFORE ORDERED:**

1. The Motion to Appoint Counsel at Docket 3 is **DENIED.**

2. Plaintiff must either (1) pay the full filing fee of $405.00 within **30 days of the date of this order** or (2) file a fully completed application to waive the filing fee. If Plaintiff does not pay the filing fee or file the fully completed application to waive the filing fee within 30 days, this case will be dismissed without further notice to him.

3. Plaintiff must provide proof of the exhaustion of his administrative remedies under Title VII, such as a right-to-sue letter from the EEOC, **within 30 days**

Case No. 3:24-cv-00058-SLG, *Nevak v. Tarsitano, et al.*
Order of Deficiency
Page 8 of 10
Case 3:24-cv-00058-SLG   Document 6   Filed 05/07/24   Page 8 of 10

**of the date of this order**. If Plaintiff does not provide such information within 30 days, this case will be dismissed without further notice to him.

4. Plaintiff may elect to file a **Notice of Voluntary Dismissal**, in which Plaintiff elects to close and end this case. The Notice of Voluntary Dismissal form will be provided to Plaintiff by the Clerk of the Court.

5. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District Court of Alaska's Local Civil Rules, and all Court orders.[28] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

6. Self-represented litigants must be ready to diligently pursue each case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of the action.

7. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[29] The Notice shall not include requests for any other relief. A Notice of Change of Address, form PS23, may be obtained from the Clerk of Court, if needed. If Plaintiff fails to keep a current

---

[28] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; District of Alaska's Local Civil Rules: https://www.akd.uscourts. gov/court-info/local-rules-and-orders.

[29] *See* Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number.").

Case No. 3:24-cv-00058-SLG, *Nevak v. Tarsitano, et al.*
Order of Deficiency
Page 9 of 10
Case 3:24-cv-00058-SLG   Document 6   Filed 05/07/24   Page 9 of 10

address on file with the Court, that may result in a dismissal of the case without further notice to him.

8. With this order, the Clerk is directed to send: (1) form PS09, Notice of Voluntary Dismissal; (2) form PS 11, non-prisoner application to waive the filing fee, and (3) form PS23, Notice of Change of Address.

DATED this 7th day of May 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

Case No. 3:24-cv-00058-SLG, *Nevak v. Tarsitano, et al.*
Order of Deficiency
Page 10 of 10
Case 3:24-cv-00058-SLG   Document 6   Filed 05/07/24   Page 10 of 10